Cooper, J.,
delivered the opinion of the court:
In the year 1861, Sabra T. Lawrence died intestate, and J. 1VI. Cranberry was appointed and qualified as administrator. He filed this bill against the heirs and distributees for a settlement and division, but the proper decrees were delayed by a cross litigation involving a large part of the estate. That litigation having been settled by a compromise, the clerk and master was ordered to take and state an account with the administrator, and also an account of advancements to the heirs and distributees, with a view to the equal distribution of the assets. After several renewals of this decree, the accounts were finally taken and a report made.
This report ascertained the advancements and the amount of the fund for distribution, and gave to each distributee an equal share of the aggregate sum, and charged him with his advancement. Exceptions were filed by both parties, which were acted upon, the chancellor slightly modifying the figures, and a decree rendered. The complainants appealed.
Two errors are now assigned as grounds of reversal, based on the exceptions of the appellants to the report.
One is that the master charged the complainant, as administrator, with interest on two sums received by him from the clerk and master, when he received them as one of the’distributees of the estate, and not as administrator. The error does exist in form, but the result attained is nevertheless correct in the mode in which the account is stated. In the final account with each distributee as a credit on the distributive share, the clerk allowed the sums previously advanced with interest from the date of the payment to the date of the settlement. In Granberry’s case, he credits him with the balance found in his bands as administrator, the two items in question being included *269 in that balance. If, now, these items were struck out of the administration account, the credit would be reduced by the amount of each, including the interest, and the very same items, with interest, would be introduced as separate items, in account with him as distributee. It would not change the result in the least.
The other error assigned rests upon two' exceptions. One of these exceptions is: “Because the master fails to charge the heirs with interest on the advancements made to them by the complainant’s intestate in her lifetime, after two years from the administration granted.” The other exception is: “Because the master, in his account between the heirs, should have ascertained the interest of each heir at the expiration of two years from the qualification of J. M. Cranberry as administrator,, and deduct [ed] therefrom the advancement made by Mrs. Lawrence, and such share, with the interest thereon, would be the amount [to which] they are severally entitled.”
The argument upon the exceptions is not that in the collation of advancements under the Code, sec. 2132 [Shannon’s Code, sec. 4175], interest shall be calculated on those advancements from the date of the gift. The law is clearly otherwise. Nor, although the form of the exceptions seems to contemplate that result, is it argued that the advancements themselves carry interest after the two years allowed for the administration. The argument is that the master should have taken as the period of distribution the end of the two years allowed' by law for the settlement of the estate, not the end of the lawsuit.
It is undoubtedly true that the property as it existed at the death of the intestate, subject to the claims of creditors and expenses of administration, constituted the fund for division, and the distributees were entitled to share in any subsequent profits in the proportion in which they were entitled to share the corpus. If, for any reason, the distribution of an estate be postponed beyond the time when *270 it ought to be made, and in tlie meantime the corpus of the estate produces income or profits, the parties entitled should share those profits in the proportion of their respective shares of the corpus, .upon the obvious principle rhat the law’s delay will not be allowed to work an injury to any party. Burton v. Dickinson, 3 Yer., 112; McNairy v. MeNairy, MS. opinion, December term, 1874, at Nashville [since-published in 1 Shannon’s Cases, 329]; Rice v. Steger, 3 Tenn. Chy., 328. If there be no profit, or if tiie profit be used for specific purposes by agreement of the parties, the reason of the rule fails, and its observance would be a useless form.
In this case the record shows that the real estate has been divided or disposed of by and between the parties by agreement made the decree of the court. It further shows, that by consent decrees, a large part of the profits were paid out in settlement, by way of compromise of adverse claims to claimants, and the title of those adverse claimants was conveyed equally to the heirs and distributees whose rights are now involved. It appears, also, that the fees of counsel were, upon a compromise, by a consent decree, ordered to be paid out of the fund. These disbursements, made before the taking of the account in this case, have been manifestly treated as a common burden to be borne by the fund, the surplus, as declared by one of the decrees, to be distributed among the other heirs, naming the present litigants, “according to their agreement, or by law.” The appellants have not asked for any decree at any time adjusting their rights according to the argument submitted on the exceptions,.and the exceptions themselves aré not in literal accord with the argument.
The fund actually divided is manifestly less than the original corpus of the personal estate. The complainant has had the benefit of the inferiority of the value, of his advancement as compared with the advancement of the Other distributees in the division of the fund divided.
*271 To interfere with the previous proceedings, so long acquiesced in, upon exceptions to a report upon a general reference, without any effort on the part of the appellant to have his rights declared in advance by a decree shaping that reference, would be unjust under the circumstances, and would probably result in no ‘benefit to the appellants.
The dderee will be affirmed with costs, and the cause remanded for further proceedings.